### In re FOPPES et al.

#### (Circuit Court, S. D. New York. June 28, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—MANUFACTURES FROM RATTANS AND REEDS.
Partly-manufactured whipstocks, fishing poles, and canes, being made from rattans and malacca, having the outer rind or enamel removed, and being tapered, turned, sandpapered, and varnished, are properly dutiable as "manufactures of wood," at 35 per cent. ad valorem, under paragraph 230, Schedule D, of the tariff act of October 1, 1890, and section 5 (the similitude clause) of that act, and not as "reeds manufactured from rattans or reeds," under paragraph 229 of said schedule and act, at 10 per cent. ad valorem, as claimed by the importers.

### At Law.

Appeal by the importers from a decision of the board of United States general appraisers, affirming the decision of the collector of the port of New York in the classification for duty of certain goods, consisting of partially-manufactured whipstocks, fishing poles, and canes, classified for duty as "manufactures of wood," at 35 per cent. ad valorem, under paragraph 230 of the tariff act of October 1, 1890, and section 5 (the similitude clause) of said act. The importers protested, claiming their goods to be "reeds manufactured from rattans," and dutiable at 10 per cent. ad valorem, under paragraph 229 of said schedule and act, which provision is as follows: "229. Chair cane, or reeds wrought or manufactured from rattans or reeds, and whether round, square, or in any other shape, 10 per centum ad valorem." On appeal to the board of general appraisers that board overruled the protests of the importers, deciding that the goods were rattans for use as whip handles, fishing poles, etc., polished, varnished, turned, and otherwise manufactured. As matter of law, the board found that the reeds described in paragraph 229 were chair reeds, and that the merchandise in the present case was not chair reeds. The importers having appealed the case into the circuit court, the board of general appraisers filed their return in that court as above; and an order having been obtained from the court by the United States attorney, requiring the board to make a further return, that board did so, under the order of the court, finding that the merchandise was not in fact, or commercially, reeds of any kind. In the circuit court, testimony was taken on both sides which was somewhat contradictory, as to whether at the time of the passage of the tariff act of October 1, 1890, the articles in question were commercially known as reeds or whip reeds, etc.; the weight of evidence being produced in behalf of the collector, that the articles in question, being partially manufactured, were not known in trade and commerce by the name of "reeds" of any kind; that the "reeds" known to the trade were not the reeds of common speech, namely, hollow, jointed grasses, but were rattans or malacca growth, from which the outer bark or enamel had been removed, leaving a product either round, square, oval, or flat, according to the process, but never further finished than by the mere removal

of the bark or enamel; and that the articles in suit having been advanced by various processes of manufacture, cutting, turning, sandpapering, varnishing, etc., had been taken out of the class or description of merchandise known to the trade as reeds.

Edward Mitchell, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for the collector and the United States.

Stephen G. Clarke, for the importers.

LACOMBE, Circuit Judge. In this case, I shall affirm the decision of the board of appraisers, not upon the ground upon which they based their opinion, viz. that this is not a chair reed, but upon the return which they have made, that they are not reeds, commercially, under the statute. The testimony is somewhat conflicting, but there is enough to sustain that finding.